UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRACEY SHORTER,

Plaintiff,

v.                                                    CAUSE NO. 3:25cv821 DRL-SJF

PULASKI COUNTY *et al.*,

Defendants.

OPINION AND ORDER

Tracey Shorter says her constitutional rights were infringed when she was arrested and detained for violating a protective order. She maintains this *pro se* action under 42 U.S.C. § 1983 against Deputy Andrew Speer and Sheriff Chris Schramm of the Pulaski County Sheriff's Office, Pulaski County, and Greg Shorter. The defendants filed two motions to dismiss under Rule 12(b)(6). The court grants the motions and dismisses the case.

BACKGROUND

The court construes Ms. Shorter's pleading liberally, takes the well-pleaded allegations as true, and draws all reasonable inferences in her favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court may take judicial notice of matters of public record, including court filings and documents from ongoing state court proceedings incorporated into the federal complaint.[1] *J.B. v. Woodard*, 997 F.3d 714, 717 (7th Cir. 2021). From this context, the following facts emerge for today's decision.

_____

[1] The court takes judicial notice of the following state court proceedings: *State v. Tracey Shorter*, No. 66D01-2307-MC-171 (Pulaski Sup. Ct. filed July 17, 2023), *consolidated with State v. Tracey L. Shorter*, No. 66D01-2307-CM-175 (Pulaski Sup. Ct. filed July 18, 2023); *State v. Tracey L. Shorter*, No. 66D01-2307-CM-162 (Pulaski Sup. Ct. filed July 12, 2023); *State v. Tracey L. Shorter*, No. 66D01-2306-CM-130 (Pulaski Sup. Ct. filed June 28, 2023).

On July 12, 2023, a Pulaski County judge issued two *ex parte* protective orders preventing Tracey Shorter and Greg Shorter from interacting. Ms. Shorter was served hers at her residence the next day at 4:30 p.m. by Deputy Speer. Upon service, she told Deputy Speer she had earlier left two notes for Mr. Shorter, and Deputy Speer replied that he was unconcerned. Deputy Speer then served Mr. Shorter his protective order at his residence. Mr. Shorter gave him a note left by Ms. Shorter and asked that she be charged for violating the protective order. At 5:30 p.m., Deputy Speer arrested Ms. Shorter and transported her to Pulaski County Jail.

As alleged, Deputy Speer drafted an affidavit for probable cause for Ms. Shorter's arrest the following day and a judge signed an order approving probable cause on July 15 such that she was detained for approximately 50 hours without judicial review. Ms. Shorter is a survivor of stage 4 head and neck cancer and, as a result, takes related medications and has certain dietary restrictions. During her detention, she says she was refused medication, couldn't eat standard jail food, and received only a small cup of water. Her repeated requests to see a nurse or medical officer were denied, and she experienced dehydration and pain and feared for her health. As a result, she suffered humiliation, depression, anxiety, and post-traumatic stress.

Deputy Speer's probable cause affidavit was filed on July 17, after Ms. Shorter's release. *See State v. Tracey Shorter*, No. 66-D01-2307-MC-171. On July 18, she was charged with misdemeanor invasion of privacy for violating the protective order. *See State v. Tracey L. Shorter*, No. 66D01-2307-CM-175; Ind. Code § 35-46-1-15.1(a)(1). At that time, she also was criminally charged in two other cases pending in Pulaski Superior Court that were filed on June 28 and July 12, 2023—both before her arrest. *See State v. Tracey L. Shorter*, No. 66D01-2306-CM-130; *State v. Tracey L. Shorter*, No. 66D01-2307-CM-162. On February 8, 2024, Judge Crystal A. Kocher

granted the prosecution's motion to dismiss the invasion of privacy charge in the -175 case pursuant to a plea agreement accepted in the -130 and -162 cases.[2]

On September 29, 2025, Ms. Shorter filed a *pro se* complaint against Pulaski County, Sheriff Schramm, Greg Shorter, and ten John Doe jail staffers, alleging violations of her Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983 and state tort claims. She also moved the court to accept her complaint as timely due to technical issues with the court's electronic filing system. The court screened and dismissed her complaint for pleading deficiencies but granted her leave to amend by November 11, 2025.

Ms. Shorter amended on November 12, 2025, alleging violations of her constitutional rights and once more proceeding under 42 U.S.C. § 1983. She accused Deputy Speer and Sergeant Seth Barton of unlawful arrest (count 1), Deputy Speer of malicious prosecution (count 2), Pulaski County and Sheriff Chris Schramm of unlawful detention (count 3), John Does 1-10 and Pulaski County of deliberate indifference (count 4), Pulaski County of failure to train and supervise under *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978) (count 5), and Deputy Speer and Greg Shorter of civil conspiracy (count 6). She asked the court to excuse her late filing because her amendment deadline fell on Veterans Day. Screening again, the court excused the holiday interference, dismissed the Doe defendants, *see Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997), dismissed Sargeant Barton because she failed to allege facts about him, and permitted the remaining claims to proceed.

---

[2] Ms. Shorter attached the order dismissing this charge to her amended complaint. *See Muthana v. Mullin*, 171 F.4th 967, 973 (7th Cir. 2026) (court may consider "documents attached to the complaint"). The document is unusual—text is garbled, formatting is off, and some characters are replaced with symbols. That said, it is decipherable enough for the court to identify the publicly available order. Deputy Speer relies on Ms. Shorter's filing without complaint, and Ms. Shorter attached an accurate copy to an unauthorized surreply.

On January 14, 2026, Deputy Speer, Sheriff Schramm, and Pulaski County collectively moved to dismiss all claims under Rule 12(b)(6) and mailed a advisory notice to Ms. Shorter. *See Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). After response and reply briefs were filed, Ms. Shorter filed an unauthorized surreply, which the court will not consider because the Pulaski County defendants raised no new issues in reply and Ms. Shorter had a full and fair opportunity to respond to the motion to dismiss. *See Meraz-Camacho v. United States*, 417 F. Appx. 558, 559 (7th Cir. 2011). On February 10, 2026, Mr. Shorter moved to dismiss the claim against him under Rule 12(b)(6). The court sent Ms. Shorter a notice in the spirit of *Faulkner*, she responded, and Mr. Shorter filed his reply on March 3, 2026.

## STANDARD

In reviewing a motion under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Id.* A claim must be plausible, not probable. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citation omitted).

DISCUSSION

Ms. Shorter alleges Sheriff Schramm, Deputy Speer, and Pulaski County violated her constitutional rights in violation of 42 U.S.C. § 1983. She also alleges Deputy Speer and Mr. Shorter conspired to infringe her rights. Sheriff Schramm, Deputy Speer, Pulaski County, and Mr. Shorter argue her claims are barred by the statute of limitations, barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), or fail for an inability to establish an essential element. Ms. Shorter argues her claims aren't time-barred, that *Heck* doesn't apply, and that she states a plausible claim.

Section 1983 serves as a procedural vehicle for lawsuits "vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To plead a § 1983 claim, a plaintiff must plausibly allege that she was "deprived of a right secured by the Constitution or federal law, by a person acting under color of law." *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006). A municipality can only be held liable under § 1983 if "execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 694.

"[W]hen the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011). "Claims under § 1983 borrow the statute of limitations for personal injury actions in the state in which the cause of action arose[.]" *Cielak v. Nicolet Union High Sch. Dist.*, 112 F.4th 472, 477 (7th Cir. 2024). The statute of limitations applicable to § 1983 suits in Indiana is two years. *Behav. Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) (citing Ind. Code § 34-11-2-4). Generally, a § 1983 claim accrues when the plaintiff "knows or should know that his or her constitutional rights have been violated." *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016).

5

Ms. Shorter says Deputy Speer unlawfully arrested her without probable cause on July 13, 2023 in violation of the Fourth Amendment. The Fourth Amendment establishes the right of the people "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV; *see Case v. Montana*, 607 U.S. 107, 113 (2026); *United States v. Plancarte*, 105 F.4th 996, 999 (7th Cir. 2024). "A plaintiff seeking to prevail on a claim of false arrest must show that [she] was arrested without probable cause." *Madero v. McGuinness*, 97 F.4th 516, 522 (7th Cir. 2024).

A "§ 1983 unlawful arrest claim accrues on the day of arrest," *Wallace v. City of Chi.*, 440 F.3d 421, 427 (7th Cir. 2006) (cleaned up), so Ms. Shorter had until July 13, 2025 to assert her claim. She filed her original complaint on September 29, 2025, more than two months late. The claim is barred by the statute of limitations.

Next, Ms. Shorter says Sheriff Schramm unlawfully detained her in violation of the Fourth Amendment from July 13 to July 15, 2025, when she was held for more than 48 hours without judicial review. "The wrong of detention without probable cause continues for the duration of the unjustified detention," and "the claim accrues when the detention ends." *Manuel v. City of Joliet*, 903 F.3d 667, 669-70 (7th Cir. 2018). Ms. Shorter alleges she was released from detention on July 15, 2023, so her September 29, 2025 complaint was over two months late. This claim too is barred by the statute of limitations.

Ms. Shorter also brings *Monell* claims against Pulaski County, alleging it had policies that permitted arrests without probable cause, allowed prolonged detention, and sanctioned officer indifference toward medical conditions during confinement, and that it failed to train staff to prevent such conduct. A *Monell* claim seeks to hold a municipal entity liable for unconstitutional acts of its employees that "were carried out pursuant to an official custom or policy." *Grieveson v.*

*Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). This requirement exists to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). To allege a viable *Monell* claim, Ms. Shorter must allege she was deprived of a constitutional right that can be traced to an official municipal policy or widespread governmental custom that caused her injury. *See Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 524 (7th Cir. 2023); *Grieveson*, 538 F.3d at 771; *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Pulaski County argues that Ms. Shorter's *Monell* claims are barred by the two-year statute of limitations. For a *Monell* claim, "the statute of limitations does not begin to run until plaintiff[] knew or had reason to know both that [she was] harmed by [a state actor] and that municipal action caused the[] harm." *Cielak*, 112 F.4th at 478. As discussed, an unlawful arrest claim accrues at the time of the arrest, and a prolonged detention claim accrues when the detention ends. That leaves only her deliberate indifference claim.

Ms. Shorter says Pulaski County was deliberately indifferent to her medical needs and the medical needs of detainees broadly in violation of the Fourteenth Amendment. "Before a finding of probable cause, the Fourth Amendment protects an arrestee; after such a finding, the Fourteenth Amendment protects a pretrial detainee." *Pulera v. Sarzant*, 966 F.3d 540, 549 (7th Cir. 2020). Given Ms. Shorter's allegation that there wasn't probable cause for her arrest and that she was held for 50 hours without judicial review, her deliberate indifference claim falls under the Fourth Amendment. *See Otis v. Demarasse*, 886 F.3d 639, 645 (7th Cir. 2018) ("the [Fourteenth Amendment] deliberate indifference standard applies only to persons who have received a judicial determination of probable cause, not to persons arrested without a warrant and waiting to be taken to a judge"). Accordingly, the standard is not deliberate indifference but instead whether

7

the conduct was "objectively unreasonable under the circumstances." *Id.* A claim for refusal to address a medical condition over time accrues at the earlier of when medical care was finally provided or when the detainee was released. *Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 517-18 (7th Cir. 2019) (a "continuing violation" for "the refusal to provide medical care" "continue[s] for as long as the defendants had the power to do something about the plaintiff's condition," and "if a defendant leaves the institution altogether, [her] involvement in the alleged wrong is over.") (quotations, brackets, and internal citation omitted).

The amended complaint doesn't state that Ms. Shorter learned of Pulaski County's involvement in any alleged constitutional harms after she was released from detention. Rather, it only contends in conclusory fashion that the county failed to train deputies regarding protective order enforcement and limits on detention without judicial review, it had no procedure to ensure detainees saw a judge within the required time, it tolerated officers filing probable cause statements after arrests to justify them retroactively, and its jail staff routinely denied medical needs to detainees with chronic conditions. Her *Monell* claims (and any Fourth Amendment claim for denied medical care she could have pursued against a John Doe defendant) thus accrued no later than July 15, 2023. Because she filed these claims more than two years after that date, they are barred by the statute of limitations.

Ms. Shorter argues that she first became aware of these injuries related to her arrest, detention, and the county's purported involvement on September 28, 2023 when she discussed the events of her case with her counsel in other proceedings and received access to records the defendants held. She says her claims accrued from this date—when she learned her injury was actionable. But what is relevant for statute of limitations purposes is instead when she was aware of her injuries. A claim accrues when a reasonable person has knowledge of the existence and

8

cause of an injury, not when her "lawyer review[s her] file." *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018); *see also id.* (citing *United States v. Kubrick*, 444 U.S. 111, 122-23 (1979)) ("for statute of limitations purposes, a plaintiff's ignorance of [her] legal rights and ignorance of the fact and cause of the injury do not receive equal treatment"). Ms. Shorter knew she was arrested on July 13, 2023, knew she was detained until her release two days later, and knew she had been denied medical care. She needed no other information to understand these related injuries and claims.

Ms. Shorter also says she is entitled to equitable tolling. Section 1983 claims use "the tolling rules applicable to personal injury claims under state law." *Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013). "Under Indiana law, statutes of limitation may be tolled due to legal disability, incompetence, minority, imprisonment, nonresidency under certain circumstances, war, death in certain instances, and fraudulent concealment." *Behav. Inst. of Ind.*, 406 F.3d at 932 (citing Ind. Code §§ 34-11-4-1 to 34-11-8-1). Ms. Shorter doesn't assert any such circumstances. The statute of limitations may also be tolled for plaintiffs "who, because of disability, irremediable lack of information, or other circumstances beyond their control just cannot reasonably be expected to sue in time." *Id.* at 932 (citation omitted) (cleaned up). Ms. Shorter says she has alleged "delayed disclosure, inconsistent and post-dated documentation, and misclassification of court orders." But her complaint and briefing don't include facts to support this assertion; and, even if there were, she doesn't explain why she needed documents or court orders to know about her arrest or detention. And Deputy Speer's probable cause affidavit and the court's order approving probable cause were docketed in the public record by July 17, 2023. *See State v. Tracey Shorter*, No. 66D01-2307-MC-171 (Pulaski Sup. Ct. July 17, 2023). On these facts, tolling is inappropriate.

Finally, Ms. Shorter says the court's finding that her amended complaint was timely filed by the amendment deadline addresses the statute of limitations question. But the court's

recognition that her amendment deadline was extended because it fell on a legal holiday had no bearing on the statute of limitations. The court will dismiss the unlawful detention, prolonged detention, denial of medical care, and *Monell* claims (counts 1, 3, 4, and 5) with prejudice, as further amendment would be futile, and dismiss Sheriff Schramm and Pulaski County.

Next, Ms. Shorter accuses Deputy Speer of malicious prosecution. As a general matter, "federal courts are rarely the appropriate forum for malicious prosecution claims" because "individuals do not have a federal right not to be summoned into court and prosecuted without probable cause." *Welton v. Anderson*, 770 F.3d 670, 673 (7th Cir. 2014) (cleaned up). "Rather, to state a viable malicious prosecution claim under § 1983, a plaintiff must allege a violation of a particular constitutional right, such as the right to be free from unlawful seizures under the Fourth Amendment, or the right to a fair trial under the Due Process Clause." *Id.* (quotations and citation omitted). Ms. Shorter alleges Deputy Speer "created a false affidavit" to justify her wrongful detention, and she cites the Fourth and Fourteenth Amendments. She bases her claim on her alleged detention without probable cause, so it arises under the Fourth Amendment. *See Chiaverini v. City of Napoleon*, 602 U.S. 556, 561-62 (2024); *Thompson v. Clark*, 596 U.S. 36, 42-43 (2022). To plead malicious prosecution under the Fourth Amendment, she must allege facts tending plausibly to show "(1) the judicial proceeding was instituted without probable cause; (2) the motive for the proceeding was malicious; and (3) the prosecution ended in the plaintiff's favor." *Lee v. Harris*, 127 F.4th 666, 676 (7th Cir. 2025) (citing *Thompson*, 596 U.S. at 44).

Deputy Speer first argues the malicious prosecution claim is barred by the statute of limitations. "[A] Fourth Amendment claim for malicious prosecution accrues when the underlying criminal prosecution is terminated without a conviction." *Smith v. City of Chi.*, 2022 U.S. App. LEXIS 19447, 2 (7th Cir. July 14, 2022) (citing *Thompson*, 596 U.S. at 39). Ms. Shorter's

underlying prosecution was terminated on February 8, 2024. *See State v. Shorter*, No. 66D01-2307-CM-175 (Pulaski Sup. Ct. Feb. 12, 2024), and her original complaint was filed within two years of that date. The claim is thus timely.

Deputy Speer next argues the claim fails because it "necessarily impl[ies] the invalidity of [her] conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). A plaintiff convicted of a crime cannot seek damages under § 1983 for harm "caused by actions whose unlawfulness would render a conviction or sentence invalid," so long as the conviction stands. *Id.* at 486-87. But a claim concerning conduct that doesn't imply a conviction was invalid avoids *Heck. See, e.g.*, *Mordi v. Zeigler*, 870 F.3d 703, 707 (7th Cir. 2017) (quoting *Evans v. Pokson*, 603 F.3d 362, 363-64 (7th Cir. 2010)) ("an arrest without probable cause violates the Fourth Amendment but does not imply the invalidity of a conviction because courts do not 'suppress the body' of the accused"); *see also Hill v. Murphy*, 785 F.3d 242, 250 (7th Cir. 2015) ("most Fourth Amendment claims survive *Heck*"). Deputy Speer says Ms. Shorter's case (the -175 case) was dismissed pursuant to an agreement under which she pleaded guilty in two other cases. He says her malicious prosecution claim calls these convictions into question in violation of *Heck*.

The charges in the -175 case were dismissed pursuant to a plea agreement in which Ms. Shorter pleaded guilty to and was convicted of charges in the -130 and -162 cases. Scrutiny of the timelines of these cases reveals an unavoidable question: given that the -130 and -162 cases were respectively filed on June 28 and July 12, 2023—before any of the events she complains of related to the -175 case (her arrest and detention spanning July 13 through July 15, 2023)—how could Ms. Shorter's malicious prosecution claim attack these convictions? It isn't clear based on the amended complaint and the public record how the conduct undergirding these convictions could overlap with the conduct related to her claim, and Deputy Speer doesn't provide an explanation.

11

Rather, he suggests the fact of the global plea agreement and convictions in the other cases is enough to fall within *Heck*'s bar. But that isn't enough—*Heck* only precludes § 1983 claims that, if successful, would undermine an otherwise valid conviction. *See Hardrick v. City of Bollingbrook*, 522 F.3d 758, 762 (7th Cir. 2008) ("To properly apply *Heck*'s bar against certain damage actions, a district court must analyze the relationship between the plaintiff's § 1983 claim and the charge on which [she] was convicted."). Based on the available information, the court cannot say Ms. Shorter's claim necessarily challenges the validity of those convictions or that *Heck* bars the claim.

Deputy Speer's final argument for dismissing the malicious prosecution claim is that it fails to plausibly allege that the prosecution ended in her favor. He says the fact that Ms. Shorter's case was dismissed pursuant to a plea agreement means the prosecution wasn't terminated in her favor. Though a complaint need not "contain all legal elements (or factors) plus facts corresponding to each," *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017), a plaintiff "may plead facts that show she has no claim," *King v. Kramer*, 763 F.3d 635, 642 (7th Cir. 2014); *see Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) ("litigants may plead themselves out of court by alleging facts that defeat recovery").

A "favorable termination of the underlying criminal prosecution" is a fundamental requirement for a malicious prosecution claim, *Thompson*, 596 U.S. at 44, and this circuit hasn't decided whether dismissal pursuant to a plea agreement counts. This court, in making its own determination, must consider "the common-law principles governing malicious-prosecution suits when § 1983 was enacted [in 1871]," *Chiaverini*, 602 U.S. at 563; *see Thompson*, 596 U.S. at 43-44, and look for the consensus from "most American courts that had considered the question" at the time, *Thompson*, 596 U.S. at 45.

Dismissal of a charge as part of a plea agreement or other compromise isn't a favorable termination for a malicious prosecution claim. This was the prevailing rule at the time § 1983 was enacted. *See, e.g.*, *Craig v. Ginn*, 19 Del. 117, 117 (1901) ("the rule seems to be well settled that, where the termination of the prosecution has been brought about by the procurement of the party prosecuted, or by compromise and agreement of the parties, then an action for malicious prosecution cannot be maintained") (citing cases);[3] *Emery v. Ginnan*, 24 Ill. App. 65, 69-70 (1887) ("where the termination of the case is brought about by a compromise or settling between the parties, understandingly entered into, it is such an admission that there was probable cause that the plaintiff can not afterward retract it and try the question, which by settling he waived") (citing cases);[4] *see also Carruthers v. Colton*, 153 F.4th 169, 186 (2d Cir. 2025) (quoting *Halbertstadt v. N.Y. Life Ins.*, 194 N.Y. 1, 11 (1909)) ("our precedent is entirely consistent with the historical common-

---

[3] *Craig* cites numerous cases, including *McCormick v. Sisson*, 7 Cow. 715, 716 (N.Y. 1827) ("want of probable cause cannot be inferred . . . from the settlement"); *Welch v. Cheek*, 115 N.C. 310, 310 (1894) (*per curiam*) (malicious prosecution action not permitted when "the proceeding is dismissed by virtue of an agreement between the parties"); *Langford v. Boston & A.R. Co.*, 144 Mass. 431, 431 (1887) ("where a *nolle prosequi* is entered by the procurement of the party prosecuted, or by his consent, or by way of compromise, such party cannot have an action for malicious prosecution.") (citing cases); *Marcus v. Bernstein*, 117 N.C. 31, 31 (1895) (holding that malicious prosecution claim could proceed where *nolle prosequi* was not procured by agreement); *Atwood v. Beirne*, 26 N.Y.S. 149, 150 (1893) (malicious prosecution claim failed when prosecution was terminated by "a compromise or an abandonment of the proceeding by mutual consent"); *Clark v. Cleveland*, 6 Hill 344, 347 (N.Y. 1844) ("The manner in which the prosecution is disposed of, as if it be by compromise, . . . may interpose great if not insurmountable obstacles to showing a want of probable cause"); *Brown v. Randall*, 36 Conn. 56, 62-63 (1869) (leaving probable cause to the jury "when a prosecution has been abandoned, as this was, without any arrangement with the accused"); *Sartwell v. Parker*, 141 Mass. 405, 406 (1886) (no "want of probable cause" when "plaintiff settled the suit"); and *Fadner v. Filer*, 27 Ill. App. 506, 508 (1888) ("If a person arrested is discharged by means of a compromise and not because of his innocence, there is no foundation for a suit for malicious prosecution.").

[4] *Emery* cites several cases too, including *Clark v. Everett*, 2 Grant 416, 417 (Pa. 1854) (when "discharge" of a case against a defendant "is the result of compromise," the defendant "cannot afterwards retract it for the purpose of maintaining an action" for malicious prosecution); *Hamilburgh v. Shepard*, 119 Mass. 30, 32 (1875) (malicious prosecution action couldn't proceed when "it was [] agreed between the plaintiff and the defendant that the suit on which the plaintiff had been arrested should be entered 'neither party'"); *Marks v. Gray*, 42 Me. 86, 89 (1856) (no "want of probable cause" when the original action "was disposed of according to [a] settlement"); and *Rounds v. Humes*, 7 R.I. 535, 537-38 (1863) (holding that verdict for plaintiff in malicious prosecution action was against the evidence when the parties "met by appointment, and settled their respective claims" in the underlying suit). *Emery* also cites *McCormick v. Sisson*, *Brown v. Randall*, and *Sartwell v. Parker. See supra* note 3.

law principle that 'where the proceeding has been terminated without regard to its merits or propriety by agreement or settlement of the parties or solely by the procurement of the accused as a matter of favor or as the result of some act, trick[,] or device preventing action and consideration by the court, there is no such termination as may be availed of for the purpose of [a malicious prosecution] action'").

Treatises from that era expound the same principle. *See* Thomas M. Cooley, *A Treatise on the Law of Torts* 186 (1879) ("It is not enough [to prove a favorable termination of the proceeding] that the parties in a case which they might lawfully settle, have effected a compromise, and thereby terminated it."); Francis Hilliard, *The Law of Torts or Private Wrongs* 475 (1874) ("the legal effect of an abandonment of the prosecution is held to turn upon the question, whether this was done without request of, or arrangement with, the person accused"); Martin L. Newell, *Treatise on the Law of Malicious Prosecution* 330 (1892) (quoting *Clark v. Cleveland*, 6 Hill 344, 347 (N.Y. 1844) (Cowen, J.)) ("The manner in which the prosecution is disposed of, as if it be by compromise, . . . may interpose great if not insurmountable obstacles to showing a want of probable cause"); *see also* Restatement (Second) of Torts § 660(a) (1977) ("A termination of criminal proceedings in favor of the accused other than by acquittal is not a sufficient termination to meet the requirements of a cause of action for malicious prosecution if the charge is withdrawn or the prosecution abandoned pursuant to an agreement of compromise with the accused[.]"). The reason is that disposition by way of plea agreement doesn't permit the inference that the prosecution lacked a reasonable basis to proceed against the defendant. *Carruthers*, 153 F.4th at 186 (citing *Halberstadt*, 194 N.Y. at 11); *accord* Restatement (Second) of Torts § 660 cmt. c (1977) ("Although the accused by his acceptance of a compromise does not admit his guilt, the fact of

14

compromise indicates that the question of his guilt or innocence is left open. Having bought peace the accused may not thereafter assert that the proceedings have terminated in his favor.").

The criminal proceeding underlying Ms. Shorter's malicious prosecution claim was not terminated in her favor because it was dismissed pursuant to a plea agreement. The court may take judicial notice of this fact within the public record. Without a favorable termination, she cannot state a Fourth Amendment malicious prosecution claim as a matter of law. The court dismisses this claim (count 2) with prejudice and also dismisses Deputy Speer.

Finally, Ms. Shorter accuses Mr. Shorter of a civil conspiracy and joint action with Deputy Speer to instigate her arrest and detention through false statements and joint coordination. Mr. Shorter says the amended complaint fails to allege he acted under color of law, and that the conspiracy claim is barred by the statute of limitations. Ms. Shorter says her claim is timely and alleges Mr. Shorter acted jointly with state actors.

A private individual is typically beyond the reaches of § 1983, which requires that an alleged deprivation was committed "under color of state law." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (citation omitted). Under a "conspiracy theory" of § 1983 liability, "a private citizen can act under color of law if there is evidence of a *concerted effort* between a state actor and that individual." *Id.* (quotations and citation omitted). To allege a § 1983 civil conspiracy, Ms. Shorter must plead facts making it reasonably plausible that (1) Deputy Speer and Mr. Shorter "reached an understanding" to deprive Ms. Shorter of her constitutional rights, and (2) Mr. Shorter was a "willful participant in joint activity with the State or its agents." *Id.*

Ms. Shorter hasn't alleged Mr. Shorter acted under color of law. Her amended complaint merely uses the words "joint action" and "conspiracy" without facts indicating an understanding between him and Deputy Speer. "Mere allegations of joint action or a conspiracy do not

demonstrate that [he] acted under color of state law and are not sufficient to survive a motion to dismiss." *Id.* (citation omitted) (cleaned up). What's more, any § 1983 conspiracy claim predicated on her arrest and detention is barred by the statute of limitations. She cannot bring her conspiracy claim against Mr. Shorter, and he must also be dismissed with prejudice.

Ms. Shorter doesn't ask for leave to amend her complaint, but the court nonetheless considers it because she litigates *pro se* and "[l]eave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Mach., Inc.*, 191 F.3d 790, 794 (7th Cir. 1999) (quoting *Payne v. Churchich*, 161 F.3d 1030, 1036 (7th Cir. 1998) and Fed. P. Civ. P. 15(a)). "Unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519-20 (7th Cir. 2015). Here, amendment would be futile because her claims are foreclosed as a matter of law, either by way of the statute of limitations or the alleged (and undisputed) way in which her criminal prosecution ended by way of a compromised plea agreement.

## CONCLUSION

For these reasons, the court GRANTS the motions to dismiss [14, 24] and DISMISSES Ms. Shorter's complaint with prejudice. This order terminates the case.

SO ORDERED.

May 20, 2026                                    *s/ Damon R. Leichty*
                                               Judge, United States District Court

16